1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16

KEVIN B. LEDGARD,                ) Case No. CV 10-8273-GW (DTB)
                    Plaintiff,   )
                                 ) ORDER TO SHOW CAUSE
            vs.                  )
                                 )
ERIC WEBBER, ET AL,              )
                    Defendants.  )
                                 )

17
18
19
20
21
22
23
24
25
26
27
28

        Plaintiff filed this pro se civil rights action on May 7, 2010, in the Southern
District of California, after paying the full filing fee.  On September 16, 2010,
defendants filed an Answer to the Complaint.  On September 27, 2010, defendants
filed a Motion to Change Venue.  On October 25, 2010, defendants' Motion to
Change Venue was granted and this action was transferred to the Central District of
California.  The Complaint was filed in the Central District on November 2, 2010.
As defendants had appeared and filed an Answer to the Complaint, the Court issued
its Case Management and Scheduling Order ("CMO") on November 10, 2010, setting
the following dates: Status report due on February 8, 2011; discovery cut-off date of
April 11, 2011; and motion cut-off date of May 9, 2011.  In response to the Court's
CMO, defendants filed their status report on February 8, 2011.  Prior to the motion
cut-off date, however, defendants filed a Motion to Stay Case pending Outcome of

1

1   Plaintiff's Criminal Trial ("Motion to Stay") on May 5, 2011.  Plaintiff filed his

2   Opposition to the Motion to Stay on May 27, 2011.  Defendants filed their Reply in

3   support of the Motion to Stay on June 13, 2011.  On June 27, 2011, the Court held a

4   hearing on the Motion to Stay.  At the hearing, plaintiff advised the Court that he

5   would agree to the defendants' stay request, with the understanding that a status

6   conference would be set later in the year.  Following consultation with the parties, the

7   Court set a status conference for September 7, 2011, for purposes of evaluating the

8   status of the stay.

9        At the September 7, 2011 status conference, the parties and the Court conferred

10  regarding the status of plaintiff's pending federal criminal proceedings, and the

11  parties informed the Court that trial had been continued to November 8, 2011.  As

12  such, based upon the stipulation of the parties, the Court extended the stay of the

13  instant action and continued the status conference to November 30, 2011.

14       On November 23, 2011, defendants filed a status report, advising the Court that

15  trial had not yet commenced on plaintiff's pending federal criminal proceedings,

16  requesting a continuance of the November 30, 2011 status conference.  After multiple

17  continuances, the status conference was continued to October 9, 2012.

18       At the October 9, 2012 status conference, the Court inquired with the parties

19  into the status of the underlying criminal case pending against plaintiff.  Plaintiff

20  advised the Court that the underlying criminal case before District Judge Dean D.

21  Pregerson had resulted in a criminal conviction and that plaintiff's sentencing date

22  was pending.  (The docket in the underlying criminal matter, Case Number CR 08-

23  00982-DDP, indicated that sentencing before that court was set for December 10,

24  2012, at 1:30 p.m.)  The Court indicated that it was inclined to continue the stay in

25  this matter until the conclusion of the underlying criminal case, particularly in light

26  of defense counsel's concern regarding the potential Fifth Amendment issues which

27  could arise if plaintiff were deposed prior to his sentencing.  The Court requested the

28  parties to agree and submit a proposed order to continue the stay of this case to a date

2

following the sentencing in the criminal matter.   On October 11, 2012, the parties submitted a stipulation to continue the stay until criminal sentencing. On October 12, 2012, the Court granted the stipulation, continuing the stay in this matter until the sentencing of plaintiff in the related criminal matter.  Pursuant to the stay order, the stay was automatically lifted upon plaintiff's sentencing.

A review of the docket in Case No. CR 08-00982-DDP reveals that plaintiff was sentenced in that action on December 10, 2012.  As such, the stay of this action was automatically lifted on that date.

To date, the parties have not requested a further status conference, nor has plaintiff otherwise sought to prosecute this action.

Accordingly, IT IS ORDERED that, within thirty (30) days of the date of this Order, plaintiff shall show good cause, if there be any, why this action should not be dismissed for failure to prosecute.  Plaintiff shall attempt to show such cause by filing a declaration, signed by plaintiff under penalty of perjury.  **If plaintiff does not timely file such a declaration or if plaintiff fails to show good cause for his failure to prosecute, the Court will recommend that the action be dismissed without prejudice.**  See Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).


DATED:      July 19, 2013

_____
DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

3